S. L. BRADSHAW, ADMINISTRATOR, v. HILTON LUMBER COMPANY.

(Filed 11 October, 1916.)

**Appeal and Error—Reference—Interest—Findings—Verdict.**

> Where upon trial by jury after reference of the cause, the jury has allowed interest on the amount of damages assessed for cutting timber under the size conveyed by the deed, and the referee had allowed the interest, upon his finding, which was not excepted to, a judgment in conformity with the verdict will not be disturbed on appeal.

CIVIL ACTION tried at January Term, 1916, of DUPLIN, before *Allen, J.,* upon these issues:

1. Did the defendant wrongfully and unlawfully cut and remove the timber from the land of the plaintiff, as alleged? Answer: "Yes."

2. What damage, if any, is plaintiff entitled to recover of the defendant? Answer: "$500 and interest from time cut until present date."

From the judgment rendered-defendant appealed.

*Stevens & Beasley for defendant.*
*E. K. Bryan and H. D. Williams for defendant.*

BROWN, J.  This case involves the same matters as are presented in the case of *L. H. Bradshaw v. Hilton Lumber Company, ante,* 219, except that the deed fixes 1 foot above the ground as the point where the timber is to be measured. The only other assignment of error relates to the judgment giving interest from 1907. The jury allowed interest as a part of the damage from the time when the timber was cut, as appears in their verdict. It is alleged in the complaint that the cutting was done

from month to month during the year 1907 up to and including the month of October. The cutting was denied by the defendant, but the referee found against the defendant and that the cutting was done in 1907. The defendant did not except to this finding of the referee and his Honor adopted the finding of the referee as to the date when the cutting was done. We see no error in this.

No error.